**No. 61986.**—Hanimex USA, Inc., and Frank P. Dow Co., Inc. *v.* United States, protests 265625–K and 272530–K (San Francisco).

·WILSON, Judge: The merchandise involved in this case was previously the subject for consideration in 38 Cust. Ct. 521, Abstract 60813. The articles involved are so-called photo enlargers, which were classified at the rate of 45 per centum ad valorem under paragraph 228 (b) of the ·Tariff Act of 1930 under the provision therein for "projection lenses * * * frames and mountings therefor, and parts of any of the foregoing." Plaintiffs claimed the merchandise in question properly dutiable at the rate of 15 per centum ad valorem under paragraph 1551 of the said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by Presidential proclamation, T. D. 52820, as "photographic cameras."

In Abstract 60813, *supra*, we held that the merchandise represented by plaintiffs' illustrative exhibits 1 and 3 were properly dutiable, as claimed, at the rate of 15 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, as modified, *supra*, as "photographic cameras"; that, as to the merchandise represented by plaintiffs' illustrative exhibit 2, it was dutiable neither as classified nor as claimed; and that, as to such merchandise, the protest claim was overruled, without affirming the collector's classification.

With respect to the merchandise represented by plaintiffs' illustrative exhibits 4 and 5, this court, in Abstract 60813, while holding said merchandise properly classifiable under paragraph 1551 as "photographic cameras," determined that the protests with respect to these items should be restored to the calendar for the sole purpose of introducing evidence as to the value of the lenses which were imported with the merchandise represented by plaintiffs' illustrative exhibits 4 and 5. Judgment was suspended as to all of the items, pending a determination of the matter herein.

At the trial herein, the following agreement was entered into between the respective parties:

MR. TUTTLE: * * *

I now offer to stipulate with the Government that the lens in the photographic enlargers, identifiable in this case as "Ducos" and "Uncos," Exhibits 4 and 5, are not the component material of chief value of the enlargers.

JUDGE WILSON: Is that agreed to?

MR. FITZGIBBON: The lens is identifiable as?

Mr. TUTTLE: Yes.

MR. FITZGIBBON: Are not the component material in chief value; that' agreed.

In view of the aforesaid agreement between the parties herein and on the record as previously made, we find and hold that the merchandise represented by plaintiffs' exhibits 1 and 3 is dutiable under paragraph 1551 of the Tariff Act of 1930, as amended by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by Presidential proclamation, T. D. 52820, at the rate of 15 per centum ad valorem as "photographic cameras"; as to the merchandise represented by plaintiffs' illustrative exhibit 2, it is dutiable neither as a photographic camera (paragraph 1551), as claimed, nor as "projection lenses * * * frames and mountings therefor, and parts of any of the foregoing" (paragraph 228 (b)), as classified. However, inasmuch as plaintiffs have failed in their burden of establishing the correct classification of the merchandise, the protest claim with respect to such merchandise is overruled, without affirming the collector's classification; as to the merchandise represented by plaintiffs' illustrative exhibits 4 and 5 ("Ducos" and "Uncos"), said merchandise is properly

dutiable under paragraph 1551 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by Presidential proclamation, T. D. 52820, at the rate of 15 per centum ad valorem as "photographic cameras."

With respect to the merchandise represented by plaintiffs' illustrative exhibits 1, 3, 4, and 5, the protest claim is sustained. As to the merchandise represented by plaintiffs' illustrative exhibit 2, the protest claim is overruled, without affirming the classification made by the collector.

Judgment will be rendered accordingly.